## TIDE WATER OIL CO. v. BEAN et al.
### No. 12355.

Court of Civil Appeals of Texas. Dallas.
May 14, 1938.

Rehearing Denied June 18, 1938.

Plaintiffs, Angus Wynne a resident of Gregg County, Carlos Bean and wife Mary, residents of the State of Connecticut, alleged that they and the defendants, Tide Water Oil Company, an Oklahoma corporation, and Gordon R. Wynne, a resident of Van Zandt County, Texas, jointly owned the entire interest sought to be partitioned, alleging the fractional interest owned by each, and praying for partition, etc. The Tide Water Oil Company, alleging its domicile and principal place of business in the State to be in Harris County, by proper plea raised the question of venue, contending that, although purporting to be for the partition of an oil and gas leasehold estate, in truth the suit was for the recovery of title to land, and that venue of same, under subdivision 14 of Art. 1995, R.C.S., was in the District Court of Rusk County, where the land is situated; alleging in this connection that, plaintiffs were claiming a larger interest in the land than they were entitled to, and that, the determination of that controversy was the real purpose of the suit; that none of the parties to the suit, except this defendant, claim under an oil and gas lease and have no interest in the lease under which this defendant claims, therefore are not tenants-in-common in said leasehold estate; that the interest of plaintiffs and that of Gordon R. Wynne, resident defendant, in the land is that of fee simple ownership; that there are divers and sundry other persons owning interests in the land, not made parties to the suit; praying that defendant's plea of privilege or of venue be sustained, and that the cause be transferred to the District Court of Rusk County.

Plaintiffs controverted the plea, alleging in substance that the suit being for the partition of an interest in land, and one of the defendants (Gordon R. Wynne) being a resident of the county in which the suit was filed, venue was properly laid in said county under subdivision 13 of Art. 1995, R.C.S., and, in this connection, plaintiffs incorporated in their contesting plea and made a part thereof, the allegations of their original petition, praying that the plea of privilege, or venue, urged by defendant be overruled. On hearing, the court overruled the plea, from which the Tide Water Oil Company appealed.

Appellant contends that, as necessary parties are wanting, the suit for partition cannot be maintained. The facts bearing upon this phase of the case are these: The

W. H. Sanford and Conan Cantwell, both of Dallas, and Y. P. Broome, of Tulsa, Okl., for appellant.

B. J. Wynne, of Wills Point, for appellees.

LOONEY, Justice.

The purpose of the suit, as revealed by plaintiffs' petition, was for the partition of the entire ⅞ mineral, petroleum, etc., interest in, under and upon 8.69 acres of land situated in Rusk County, Texas.

360

evidence shows that plaintiffs and the defendant, Gordon R. Wynne, own in fee, in the aggregate, 42½ per cent of the tract of land sought to be partitioned, and that appellant, Tide Water Oil Company, owns a leasehold estate or working interest in the remaining interest, under an oil, gas or mineral lease; that neither the owner of the title in fee to the leasehold estate, under whom appellant claims, nor the royalty owners under the ⅛ interest, retained by the grantor in the lease, were made parties, this being the basis for the proposition urged by appellant.

█ It may be conceded that, each joint owner or claimant of the property or interest therein sought to be partitioned must be a party to the proceedings, or else a proper decree of partition cannot be rendered. Art. 6083, R.S.; De La Vega v. League, 64 Tex. 205, 206, 212; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S.W. 240. However that may be, in the due order of pleading prescribed by statute, we have not yet reached the place in the litigation where it is proper to consider the question as to defect of parties, that being a ground of abatement to be urged, if at all, before the court of proper venue, when that matter shall have been determined. Article 2010, R.C.S., provides that, "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: 1. That the suit is not commenced in the proper county [venue]. * * * 5. That there is a defect of parties, plaintiff or defendant * * *", and Art. 2012, R.C.S., reads: "Pleas shall be filed in the due order of pleading, and shall be heard and determined in such order under the direction of the court". So, in determining the question of venue, we are not called upon to decide, nor do we decide, the question raised as to defect of parties, but simply hold that the question is not before us, and, in the very nature of the case cannot properly arise until after the question of venue is finally and definitely determined, for manifestly, it is a confusion of ideas and issues to insist that the decision as to proper venue should turn on whether or not there exists a defect of parties.

█ It is further contended that the purpose of the suit cannot be considered as one for the partition of property, because of the diversity of estates claimed— that is, not being of same dignity, as plaintiffs and one of the defendants claim an undivided interest in fee, while appellant claims a leasehold estate; the argument being that, partition can only be compelled by joint owners of the same estate, whether leasehold or freehold, and that, as the parties are not joint owners of the oil and gas lease, the suit for partition is not maintainable. To the correctness of this proposition, we can not assent. We think the amendment adopted in 1917, now Art. 6082, R.C.S., was intended to meet just such a situation as is presented. The statute reads: "Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter". Under this statute, any joint owner or claimant of real estate, or of any interest therein, or of any mineral, coal, petroleum, or gas lands, whether held in fee, by lease or otherwise, may compel partition. In the instant case, the property sought to be partitioned is the 7/8 mineral, petroleum, gas, etc., interest in the 8.69 acres of land, said interest being jointly owned by the parties; the leasehold owned and operated by appellant was acquired from a joint owner with appellees of the fee, and although of lower dignity than the freehold owned by appellees, yet is owned jointly with those owning and claiming the fee, which includes the mineral, petroleum, gas, etc., in or under the land. This statute was under construction in Henderson et al. v. Chesley et al., Tex. Civ.App., 273 S.W. 299, 304, the court saying: "We think the test of a right to compel partition under this statute is that the interests of the joint owners generally extend to the whole tract of land, which interests are capable of being severed from the fee or other estates, and with a present right of the owners to a joint possession. It is clear to our minds that the Legislature intended to use the term 'joint owner' in its broadest sense. In that sense he is not necessarily one owning the fee simple, or one having in the property the highest estate it will admit of, but is one who owns any interest in real estate entitling him to joint possession and use. Appellees have met this test. They are joint owners of an interest in the land coextensive with its boundaries, and are entitled to a joint possession with appellants, at least for the purpose of discovering and taking their interest in the minerals in or

under the land, which interest they owned long before appellants acquired their interest in the land". .

The record discloses that, on June 5, 1933, the District Court of Rusk County rendered a judgment, binding upon the parties, by which Carlos Bean, under whom Angus and Gordon R. Wynne claim, was adjudged an undivided 42½ percent interest in the lands involved, together with an undivided 42½ percent interest in and to the oil and gas wells stituated thereon, and on personal property used in connection therewith, and in all production therefrom —chargeable, however, with 42½ percent of the expenses incurred in the development. See Bean et al. v. Bean, Tex.Civ. App., 79 S.W.2d 652, writ refused. So, we conclude that appellees are entitled to have the mineral, petroleum, etc., interest in the lands partitioned, notwithstanding they do not claim under the lease, owned and controlled by the appellant.

Finally, it is contended that venue of the case cannot be laid in Van Zandt County, because the interest claimed by Gordon R. Wynne, the only resident defendant, is identical with and not adverse to the claim asserted by appellees. It is an admitted fact that the claim of Gordon R. Wynne is not adverse to the claims asserted by appellees. Appellant cites as authority for this proposition the case of Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W. 2d 113. The opinion in that case shows that, at the outset the court stated (page 114 of 62 S.W.2d) that, "The dominant purposes of the suit are to recover the title and possession of land, and to recover for oil removed therefrom, as we will later demonstrate", followed by a lengthy discussion, and near the conclusion (page 120 of 62 S.W.2d) it was again asserted that, "Under the above record we think that this is a suit to recover land, and for damages to land within the meaning of subdivision 14 of article 1995, supra, and within the meaning of the last clause of subdivision 13 of article 1995, supra, viz.: 'Nothing herein shall be construed to fix venue of a suit to recover the title to land' ". Having thus defined the suit to be for the recovery of land and damages, its venue controlled by subdivision 14 of article 1995, we do not think it was necessary for the court to have construed subdivision 13 of Art. 1995 (controlling the venue of partition suits), hence what was said on that subject is dictum and not binding as an authority. However, in the course of the discussion, omitting the first part of subdivision 13 of Art. 1995, and quoting only the following: "or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land", the opinion proceeds: "As to Alice Hays Jefferson [resident defendant] her interests are identical with the plaintiffs, and not adverse, and the express language of present subdivision 13 only operates to fix venue in partition suit where the suit is filed in a county in which a defendant lives who has a claim adverse to the plaintiffs. We have no such defendant in McLennan county, in the present suit". From this view, expressed as dictum—that is, that subdivision 13 only operates to fix venue of a partition suit, where same is filed in a county in which a defendant resides who has a claim adverse to the plaintiffs—we respectfully dissent, and will state our reasons.

On December 10, 1863 (see Vernon's 1914 Ed. p. 1118, subd. 13 of Art. 1830) the venue of suits for partition was fixed by the following language, to-wit: "Suit for the partition of land or other property may be brought in the county where such lands or other property or a part thereof may be, or in the county in which one or more of the defendants resides. * * *" It will be noted that venue was fixed in the county where one or more of the defendants reside, and this without regard to whether the claim asserted by such defendant was or was not adverse to the claim asserted by the plaintiff; and although our statutes have since been several times codified and the venue article repeatedly amended, the language just quoted (and necessarily its meaning) has persisted to this day, and is now a part of subdivision 13 of Art. 1995. The reproduction of the exact language in all amendments and codifications since 1863, we think, shows conclusively that it was not the intention of the Legislature or of the codifiers to change the law in that respect, as repeals by implication are not favored. The amendment to subdivision 13 of Art. 1830 (now 1995) adopted in March 1919 (Session Acts 36th Leg. Ch. 93, p. 152), preserving the previous language of subdivision 13 in its entirety, added new provisions, the amended statute reading as follows: "Suits for the

partition of lands or other property may be brought in the county where such lands or other property or a part thereof, may be, or in the county in which one or more of the defendants reside, and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the co-tenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land". In the codification of 1925, that part of subdivision 13 in existence since 1863 was not disturbed, but the part added by the 1919 amendment was somewhat changed in language, but, as we submit, not in meaning, and is the present law, reading as follows: "Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land".

We do not think it can be correctly said that this amendment changed the existing rule; however, it did introduce two additional ideas—first, the suit being for the partition of property, real or personal, the fact that the resident defendant asserts an adverse claim to the property sought to be partitioned, or claims to be the owner, or seeks to recover title, does not change the nature of the suit; second, where (as found by the court in Shell Petroleum Corp. v. Grays, supra) the real purpose of the suit is to recover title to land, venue is controlled by subdivision 14 of Art. 1830 (now 1995); in other words, the nature of a suit for partition is not metamorphosed to that of a suit for the recovery of land, by reason of an adverse claim to

the property asserted by a resident defendant; nor will a plaintiff, whose real purpose is to recover land be permitted, under the guise of a suit for partition, to prosecute same (over objection) in a county other than where the land or a part thereof may lie. Evidently, the 1919 amendment was brought about because the Supreme Court had previously held that, where, in a partition suit, allegations of joint ownership are controverted, the suit becomes in effect an action to try title to land and its venue controlled as such. This was the holding in Peterson v. Fowler, 73 Tex. 524, 527, 11 S.W. 534, 535, the court saying: "It appears from the petition that appellees were claiming two-thirds interest in the land in Frio county, while appellant admitted their title to only one-half. We think that to the extent of the difference between one-half and two-thirds the suit was necessarily an action of trespass to try title, and the district court of Lamar county did not have jurisdiction". The law on the subject is stated in 32 Tex.Jur. pp. 180, 181, sec. 31 (sustained by the citations) as follows: "This subdivision of the statute (subd. 13, Art. 1995) fixing the venue of actions, as it existed prior to the amendment of 1919, was held to require that a partition suit involving a trial of title be brought in the county where the land or a part of it is situated. The proportionate interest claimed by a joint tenant being controverted by the pleadings, the suit was held to have become in effect an action of trespass to try title. As the subdivision in question now exists, it authorizes venue of a suit for partition in the county of the residence of one or more of the defendants in such suit, though such defendants, or any of them, may assert an adverse interest in such property or claim to be the owner thereof, or seek to recover title to same. While the defendant may not by his pleading transform a suit for partition into one of trespass to try title, it seems that the question as to venue is to be determined by the showing as to whether in reality the suit is one for partition. 'If the real object of the suit is to try title to land, it must be brought in the county in which the land or a part thereof is situated, but if it appears that a cotenancy in the land exists, it shall not be held that the real purpose of the suit is to try title to the land' ".

As heretofore stated, in Shell Petroleum Corp. v. Grays, supra, the opinion omitted the original language of subdivision 13, at all times since its enactment and at present a part of subdivision 13, quoted and discussed only that portion added by the amendment of 1919, as reproduced in the codification of 1925, reaching the conclusion heretofore set out. If the conclusion reached, based upon the portion quoted and considered, be correct (from which however we respectfully dissent)—yet, in our opinion, a cardinal rule of statutory construction was ignored; in that, effect was not given to the whole statute and every part thereof. As said in 59 C.J. 595, pp. 998, 999, "Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not".

The nature of the suit, as revealed by the petition, which will be considered in this connection (Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856), admittedly being for the partition of property, and one of the defendants being a resident of the county where the suit was filed, gave the court of that county venue of the case; and neither the nature of the suit will be changed, nor the venue disturbed, because of the insistence of appellant that, a controversy has arisen as to the share or interest owned by each of the parties; for if in fact such a controversy has arisen and exists, Art. 6086, R.S. directs that: "Upon the hearing of the cause [the partition suit], the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise".

For reasons stated, we are of opinion that the District Court of Van Zandt County is a court of proper venue, that the trial court did not err in so holding, hence its judgment is affirmed.

Affirmed.

## On Motions for Rehearing and to Certify.

Appellant presents nothing new in its motion for rehearing. We are requested simply to review the same questions discussed in the original opinion, except the accuracy of a statement in the opinion is challenged (see parag. 6 of motion). In the original opinion, a statement is made, to the effect that the evidence showed that plaintiffs' and the defendant, Gordon R. Wynne, owned in fee an aggregate of 41½ percent of the land involved in the partition suit, whereas, appellant alleges that these parties only claimed an interest of ¾ of 42½ percent interest, alleging further that the interest owned by them is in dispute.

In the statement called in question, we were not adjudicating the matter, as the question as to the interest of the parties in the land was not before us, although when made, we believed the statement correct. However, in order that no one may be prejudiced, say that, we do not deem it necessary to find or state the exact interest in the land owned or claimed by the parties, that being an open question for consideration when the cause is tried on its merits.

Appellant requests that the question of law involved be certified to the Supreme Court, in that, our holding to the effect that venue of the suit can properly be maintained in Van Zandt County is in conflict with the decision of the Supreme Court, in Shell Petroleum Corporation et al. v. Grays et al., 112 Tex. 491, 62 S.W.2d 113.

For reasons stated in the original opinion, we do not think our decision is in conflict with that of the Supreme Court, however, seemingly, our decision is in conflict with certain dicta announced in Shell Petroleum Corporation et al. v. Grays et al., supra. In a rather lengthy discussion, we stated fully the reasons for the position taken and, being of same opinion—that is, that our decision is correct and not in conflict with a decision of the Supreme Court—we do not think we are called upon to certify the question.

After a careful consideration of appellant's motions for rehearing and to certify, same are overruled.