**PENA et al. v. SLING et al.**

No. 10539.

Court of Civil Appeals of Texas. San Antonio.

May 24, 1939.

Rehearing Granted Aug. 15, 1940.

William R. Quilliam, of Hebbronville, and Lester Whipple and Tabor Stone, both of San Antonio, for appellants.

Andrew Dilworth, W. H. Shireman, and John J. Cox, all of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought in a District Court of Bexar County, in the prescribed form of a statutory suit for partition of land situated wholly within Duval County. Arts. 6082, 6083, R.S.1925.

The suit was brought by Hattie Morgan. Pena and others, herein referred to as plaintiffs, all residents of Duval County, against W. H. Sling, J. C. Nelson, F. M. Frasher and R. F. Schoolfield, herein referred to as defendants, it being admitted that Sling is a resident of McMullen County and the other three defendants residents of Bexar County.

The suit was for partition of a tract of 200 acres of land in Duval County, plaintiffs alleging that they are joint owners of an undivided one-half interest therein, and that the defendant Sling is the owner of the other undivided one-half interest, less, however, certain specified undivided interests in the mineral estate concededly owned by the other defendants under conveyances from Sling.

In due course defendant Sling filed his plea of privilege to be sued, not in his home county, McMullen, but in Duval, the situs of the land to be partitioned. The plea was in statutory form, in which it was alleged, by a general conclusion, that "the nature of the principal relief sought by plaintiffs in their original petition is for the recovery of lands and to quiet the title thereto, which lands are located wholly within the boundaries of Duval County, Texas, wherefore, under and by virtue of Article 1995, subdivision 14, Revised Civil Statutes of Texas of 1925, the exclusive venue for suits of that nature is in Duval County, Texas." In addition to Sling's plea of privilege, the other three defendants filed a plea in abatement of the suit, contending it should have been brought, not in their home county, Bexar, as it was, but in Duval County, for the same reason as that set up by Sling. To those pleas plaintiffs filed their controverting affidavits, reiterating the allegations in their petition, which they made a part of the controverting plea, showing the suit to be a statutory suit for partition of land, and claiming venue in Bexar County because three of the defendants, Frasher, School-field and Nelson, were residents of that county.

Upon a hearing the pleas of privilege and in abatement were sustained, and the venue ordered changed to Duval County. The plaintiffs appealed.

The thirteenth and fourteenth subdivisions of Art. 1995 are as follows:

"13. Partition.—*Suits for the partition of land or* other property *may be brought in* the county where such land or other property, or a part thereof, may be, or in *the county in which one or more of the defendants reside,* or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land." (Italics ours.)

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Plaintiffs seek to sustain venue in Bexar County upon the italicized alternative exception in subdivision 13, which provides that "suits for the partition of land * * * may be brought * * * in the county in which one or more of the defendants reside, * * *." It seems obvious, and under the authorities we hold, that in order to sustain venue in Bexar County plaintiffs were required to affirmatively establish only that one or more of the defendants reside in Bexar County, which was admitted, and that the suit was "for the partition of land," to establish which plaintiffs simply introduced their original petition and their affidavits controverting the pleas of privilege and in abatement. We think that was sufficient, for the nature of a suit is determinable solely from allegations in the pleading of the party instituting and prosecuting it, unless, indeed, it is made to appear that those allegations have been fraudulently made for the very purpose of conferring jurisdiction where it does not belong, which is not the case made here. In this case, therefore, when plaintiffs put their petition in evidence they thereby established the nature of their suit, which, obviously and admittedly, was the plainest possible suit for partition of lands, with all the elements, and none other, prescribed in

the statutes for such suits. Art. 6083, R.S. 1925; 43 Tex.Jur. 846, § 110; 32 Tex.Jur. p. 180, § 31; XIII Tex.Law Rev., p. 215; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; American Fruit Growers, Inc., v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, writ refused; Collins v. Griffith, Tex. Civ.App., 105 S.W.2d 895; Schoellkopf v. Daves, Tex.Civ.App., 71 S.W.2d 340; Tide Water Oil Company v. Bean, Tex.Civ.App., 118 S.W.2d 358; Rado Refining & Producing Company v. Lucas, Tex.Civ.App., 93 S.W.2d 613; Comer v. Landrum, Tex. Civ.App., 277 S.W. 743; Montgomery v. Turner, Tex.Civ.App., 233 S.W. 543; Caldwell v. Farrier, Tex.Civ.App., 248 S. W. 425.

It was said by this court in Commercial Standard Ins. Co. v. Lowrie, supra [49 S. W.2d 936], in which writ of error was refused by the Supreme Court: "The true rule is, as established by the overwhelming weight of authority, that the plaintiff's petition is the 'best and all-sufficient evidence of the *nature* of an action' for the purpose of determining venue. For instance, the trial court may look alone to the petition to determine if the action is for divorce, or upon fraud, or to recover real estate, or for an award under the Workmen's Compensation Law, or for libel and slander, and the like," or, as in this case, for partition of land.

The trial court seems to have disregarded defendants' contention that venue should have been changed to Duval County, the situs of the land, upon allegations in their pleas that the suit was one to recover title and to remove cloud. This was proper for, as has been stated, plaintiffs' suit was purely and solely one for partition, and defendants could not by their pleadings transform it into a suit to try title or to remove cloud. 32 Tex.Jur. p. 180, § 31.

The trial judge seems to have ordered the venue changed on the conclusions first, that the claims of plaintiffs and defendants to the land sought to be partitioned must be adverse in order to sustain venue in the county of suit, and that no such conflict appears in this case; and, second, that it is necessary in a suit for partition of land for the plaintiff to make affirmative proof of his title to the land in order to sustain venue in the selected forum. We conclude the court was in error in both conclusions.

It does not matter whether the claims of the respective parties conflict, in determining venue of a suit for partition only, where one or more of the defendants reside in the selected forum. Tide Water Oil Co. v. Bean, supra.

Nor is it necessary in such suit for the plaintiff to make affirmative proof of his title in order to sustain venue in the forum selected. In such suit the plaintiff may be put to proof of only one issuable fact, to-wit: the local residence of one or more of the defendants, which fact was agreed to by all parties in this case. The question of whether the suit was for partition of land was one of law, determinable from plaintiffs' petition, as has already been stated.

We hold that the court erred in ordering a change of venue, and that order must be reversed and judgment here rendered that defendants' pleas of privilege and in abatement be overruled, at their cost.

### On Motion for Rehearing.

Appellees' motion for rehearing is granted, and the judgment affirmed, on authority of Pena v. Sling, Tex.Sup., 140 S.W. 2d 441.