MURTEX OIL COMPANY et al., Appellants,

v.

Q. C. MURPHY et al., Appellees.

No. 7674.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 26, 1965.

Rehearing Denied Nov. 16, 1965.

Harry M. Harrington, Jr., Harrington & Harrington, Longview, for appellants.

Marcus Vascocu, Longview, for appellees.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court is affirmed.

The appellants, as plaintiffs, filed suit in the 124th Judicial District Court of Gregg County, where the defendants reside, to partition an oil, gas and mineral leasehold estate in land located in Rusk County. Besides the partition count their petition states an action for damages attributable to the defendants' alleged delaying tactics and for receivership to: (a) prevent the defendants' tactics from causing the property to be permanently and irreparably lost or destroyed; and (b) to prevent oil drainage by offset wells. Prayer was for certain specified relief and such other as the plaintiffs might show

themselves entitled to. The appellees, defendants below, in their plea of privilege alleged expiration prior to suit of the oil, gas and mineral lease creating the leasehold estate made the subject of partition.

The following excerpt from the appellants' brief tenders the controlling issue the appellants request this court to decide with such economy of words and precision of expression that it is adopted for all purposes:

"The Appellants filed this cause in Gregg County, Texas pursuant to the provisions of Subdivision 13 of Article 1995 [Vernon's Ann.], Tex.Rev.Civ.St., which provides:

" 'Partition.—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land.'

This Sub-division fixes venue in Gregg County, *unless* the case comes within the terms of Sub-division 14.

"The Appellees contend, and the trial court ruled, that the cause is governed by Subdivision 14 of Article 1995, Tex.Rev. Civ.St., which provides:

" 'Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to lands, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.'

"There is no real conflict between these two subdivisions of our venue statute. The problem is determining when Subdivision 14 is applicable. If the instant case is one coming within the terms of Subdivision 14, it is mandatory and the cause must be transferred for trial to Rusk County; whereas, by the terms of Subdivision 13, if this cause does not come under the provisions of Subdivision 14, venue is established in Gregg County. The question of law to be determined in the instant case is therefore, whether this is a suit 'for the recovery of lands or damages thereto or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands?' "

■■■ The allegation in the plea of privilege that the lease had previously expired constituted a denial that the plaintiffs owned title or interest in the subject leasehold estate. Thus a title issue materializes and is injected into the partition suit. In order to maintain the partition suit in Gregg County over the objection of the defendants the plaintiffs were obligated to demonstrate that there was no controversy as to title. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; 1 Texas Civil Practice (McDonald), Sec. 4.21, p. 373.[1] This they were unable to do.

1. The author of this treatise after commenting upon Pena v. Sling supra, and other cases following in its wake makes this enlightening observation on the effect of Art. 1995, Subsections 13 and 14:

"Under this interpretation, a plaintiff can no longer know in advance of suit whether he can maintain his partition action, involving land located in county A, in a court of county B where a defendant resides. Since he must, if the defendant questions the venue, prove that there is no controversy as to title, it is insufficient for him to establish by a preponderance of the evidence that he is entitled to the interest he asserts, or that the defendant has no valid claim to a greater share than plaintiff has conceded in his petition.

Although it is immaterial to decision, there is evidence of record tending to show the mineral lease had expired by its own terms. Thus the record here contains both pleading and evidence raising the question of title.

In addition, it is worthy of notice that the plaintiffs' petition, in the part addressed to the necessity for a receivership, shows on its face that the suit is one to prevent and stay waste to land. It is alleged that a receivership is necessary to prevent drainage of oil from the leased land by offset wells. The judgment of the trial court is affirmed.