**CONTINENTAL OIL COMPANY et al.,**
**Appellants,**

v.

**George H. ANDERSON, Appellee.**

**No. 4065.**

Court of Civil Appeals of Texas.

Eastland.

July 8, 1966.

Rehearing Denied Aug. 12, 1966.

Stubbeman, McRae, Sealy & Laughlin, Midland, George Wear, and Frank L. Merrill, James K. Smith and Tom B. Cuny, Jr., Ft. Worth, for appellants.

Frank C. Collins, Jr., Edward D. Coulson, Donald W. Callahan, Houston, for appellee.

GRISSOM, Chief Justice.

George H. Anderson sued Continental Oil Company and Pan American Petroleum Corporation in Harris County. He alleged that he owned a 1/12th undivided interest in the minerals in two described sections of land in Crockett County; that defendants owned undivided interest therein and, as co-tenants in the severed mineral estate in said described land, they had drilled wells, in the jointly owned mineral estate, from which they produced oil, gas and other minerals, the exact amount being unknown to plaintiff but known to defendants and he sued for 1/12th of the oil, gas and other minerals defendants produced from said jointly owned mineral estate. In the alternative, he sued for the value of 1/12th of all the oil, gas and other minerals produced by defendants from said jointly owned mineral estate, less expenses. He sought an accounting for all minerals produced from said jointly owned mineral estate and money received therefor and expenses incurred in producing same and that he have judgment for 1/12th of the value of the minerals produced, less 1/12th of the expense. He prayed that de-

fendants be required to account for all the minerals they produced from said jointly owned mineral estate and that they be required to pay him 1/12th of the net recovery.

The defendants filed a plea of privilege to be sued in Crockett County, where the two sections of land, in which plaintiff claimed he owns a 1/12th mineral interest, lie. Defendants alleged that plaintiff's suit involved the title to land, to-wit, an undivided 1/12th interest in the minerals in two sections of land in Crockett County, with plaintiff claiming and alleging that he was the owner of such interest and that the defendants were co-tenants therein; that defendants completed wells on the jointly owned mineral estate from which they produced minerals and that plaintiff had sued them for 1/12th of the minerals so produced or, in the alternative, for the value thereof and for an accounting. Defendants alleged that said land and the minerals therein, the title to which was put in litigation by plaintiff, was not in Harris County, where the suit was filed, but in Crockett County, and that plaintiff's suit was for realty situated in Crockett County.

Defendants alleged that, in 1963, plaintiff filed the same suit against the same defendants in Crockett County, claiming and pleading therein that he was the owner of the same 1/12th of the minerals in the same land in Crockett County and that defendants were producing minerals therefrom and that plaintiff there prayed for judgment for such interest in said mineral estate and for an accounting. The defendants further alleged that they filed in said Crockett County suit a plea alleging a lack of necessary parties; that the court found that all persons holding by, through or under a deed purporting to convey the realty in issue from the plaintiff, George H. Anderson, to Charles F. Martin, by deed dated October 22, 1928, and recorded in the Deed Records of Crockett County, were necessary parties and ordered the cause abated until they were made parties; that plaintiff refused to amend or make additional parties and the court ordered the case

dismissed and that said plaintiff excepted and gave notice of appeal but did not perfect an appeal.

The defendants further alleged that, in April, 1964, the plaintiff filed suit on the same alleged cause of action against the defendants in the United States District Court at San Angelo in which he made the same claims and the same allegations that he owned 1/12th of the minerals in the same land in Crockett County; that minerals had been produced therefrom and sold by defendants for more than twenty years and that they were liable to him for his 1/12th interest therein; that plaintiff prayed that defendants, as producers of such minerals, be required to file an accounting and that he recover 1/12th of the minerals or its value. The defendants alleged that they filed motions to dismiss that case; that the plaintiff announced he would no longer prosecute that case and it was dismissed; that plaintiff has continued harassing the defendants, raising the same questions of title and asking for an accounting of oil from said land in Crockett County.

Plaintiff filed a controverting plea adopting parts of defendants' plea of privilege and venue, which were in substance plaintiff's allegations in his present petition, including his allegation that he owned 1/12th of the minerals in two sections of land in Crockett County and defendants owned an undivided interest in the severed mineral estate in said two sections and that, as cotenants, defendants produced minerals therefrom and plaintiff sued for 1/12th of the minerals produced by defendants from said jointly owned mineral estate or, in the alternative, for the value of 1/12th of the minerals produced, less the expense. Plaintiff then alleged in his controverting affidavit that, as shown by the pleadings filed herein, this is a suit for an accounting, not an action to recover title to real estate. Plaintiff incorporated his petition in his controverting affidavit. He alleged that under exception 10, Article 1995, which pro-

vides venue of suits to recover "personal" property in the county where the defendant resides, that defendants had their principal offices in Harris County and his suit was also maintainable in Harris County under exception 23, Article 1995, which provides that suits against a private corporation may be brought in the county in which its principal office is situated.

The defendants' plea of privilege was overruled and they have appealed. Appellants say that the question of law presented is whether this is a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands", within the meaning of exception 14, Article 1995. They say that the court erred in overruling their plea of privilege because this suit comes within the purview of exception 14 because it is a suit to recover land and damages thereto and for waste and because plaintiff failed to demonstrate that there was no controversy as to title.

Appellants say the real purpose of the suit is shown in the first material allegation in appellee's petition to the effect that he has been and is at this time the owner of an undivided 1/12th interest in the severed mineral estate in two sections of land in Crockett County; that he would not have so pleaded had he not realized that he had to prove his title; that appellee also alleged that appellants were the owners of an undivided interest in the severed mineral estate and that they produced oil therefrom, and he sued them for 1/12th of the minerals they produced from the alleged jointly owned mineral estate or, in the alternative, for its value. Appellee prayed that defendants be required to account for the minerals produced from the alleged jointly owned mineral estate and that he have judgment for 1/12th of their net recovery.

Appellants further say that in their plea of privilege and venue, in addition to the general statutory plea that there was no exception to exclusive venue, they pleaded and

proved that appellees suit involves the title to an undivided 1/12th interest in land in Crockett County. They call attention to suits previously filed by appellee asserting the same cause of action in both Crockett and Tom Green Counties; that appellants had attached to their plea of privilege and venue their answer showing the true nature of appellee's suit was a contest of appellants title; that, on the hearing of the plea of privilege, appellee, with his letters, title instruments and pleadings in other suits, was the only witness; that over appellants' objection he was permitted to testify that he owned an undivided 1/12th interest in the minerals in said land in Crockett County; that he wrote four letters to Continental, which were introduced in evidence and showed the nature of his claim. The first letter, dated February, 1963, advised Continental that it held under a forged deed from appellee to Chas. F. Martin, dated October, 1928; that appellee objected to introduction of any reference to said deed and revealed the real controversy by saying, "We are, in effect, saying there is no such deed". The second letter was written in 1963; the third, in March, 1963, and the fourth in October, 1963. Each demanded an accounting, repeated his claim of title to 1/12th of the minerals to two sections developed by appellants with the argument that the deed from appellee to Martin, of record in Crockett County, was a forgery and passed no title; that appellee's petition filed in said case in Crockett County was introduced; that he attached to that petition a copy of his deed to Martin which he alleged to be forged and that he alleged in said former petitions that he was the owner of a 1/12th interest in the minerals and entitled to a judgment declaring said deed from him to Martin to be a forgery and that he prayed for an accounting of minerals produced from land in Crockett County. Appellee testified that he asked for a declaratory judgment and an accounting for all the minerals produced from said two sections in Crockett County; that he had filed the same claim in the Federal Court asserting the same interest in said minerals

and production and prayed for an accounting; that he still had a suit pending in the District Court of Crockett County, wherein he claims the same interest in the same realty and seeks recovery by reason of appellants production of minerals therefrom. He testified that the reason he asked for an accounting of the production from the two sections of land in Crockett County was because he claimed that the deed purporting to convey his interest to Martin was a forgery and that appellants had refused to recognize that he had any title and that he employed counsel to establish that said deed was a forgery.

Exception 14, Article 1995, provides that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, "must" be brought in the county in which the land may lie. This statute, while not jurisdictional in the sense that it can not be waived, is mandatory when any defendant properly and timely objects to a trial in any other county than that in which the land lies. South Texas Development Company v. Williams, 130 Tex. 217, 107 S.W.2d 378. Where it is shown by pleadings or evidence that the real purpose of a suit is to recover land, or an interest therein, a plaintiff cannot avoid the effect of exception 14 by suing, purportedly, for other relief. Renwar Oil Corporation v. Lancaster, 154 Tex. 311, 276 S.W.2d 774; Tide Water Oil Company v. Bond, 135 Tex. 334, 143 S.W.2d 751, 136 Tex. 127, 148 S.W.2d 193; Tide Water Oil Co. v. Bean, 138 Tex. 479, 160 S.W.2d 235; Case-Pomeroy Oil Corp. v. Pure Oil Company, Tex.Civ.App., 245 S.W.2d 763. In the Bean case plaintiff's petition was in the form of a statutory suit for partition. The defendant filed a plea of privilege and, in addition to the statutory form therefor, alleged that, in fact, the suit was for recovery of land, or title thereto, and that the real question was the extent of the interest owned by each party. The Supreme Court held that the court should look to both the statement of facts and pleadings to ascertain the true nature and purpose of the suit. In Case-Pomeroy Oil Corp. v. Pure Oil Company, 245 S.W.2d 763, 764, which was in the form of a suit for specific performance, it was held that despite said form the purpose of the suit was to determine ownership of certain royalty and therefore it must be tried where the land lay.

Anderson had the burden of proving that his suit did not come within exception 14, Article 1995. We are required to look at the pleadings and evidence to determine the true nature and purpose of his suit. It is evident from a consideration of both pleadings and evidence that appellee has not demonstrated that there is no controversy as to title, the burden of establishing which rested upon him. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223, Tex. Civ.App., 142 S.W.2d 840; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Murtex Oil Company v. Murphy, Tex.Civ. App., 395 S.W.2d 853.

A suit wherein a plaintiff seeks an accounting and recovery for oil removed and to be removed from a mineral estate which he claims to own an interest in, is a suit for recovery of land, for damages thereto and for waste, within the meaning of exception 14, Article 1995. Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113; Tidal Oil Company v. Grays, Tex. Civ.App., 54 S.W.2d 1043, affirmed, Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113. In Shell Petroleum Corp. v. Grays, supra, our Supreme Court pointed out that the dominant purpose of the suit was to recover for oil removed from land in Gregg County; that the pleadings disclosed that plaintiff was seeking an accounting and recovery for oil already removed from land in Gregg County and, therefore, it was a suit for recovery of land and for damages thereto within exception 14 and that it must be tried in Gregg County, where such land lay. In Tidal Oil Company v. Grays, supra, the Court of Civil Appeals held that an unauthorized extraction of oil from land was

"waste" within exception 14 and that a suit by reason thereof came within that exception. In Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171, it was held that a suit for accounting for the value of oil removed from a mineral estate alleged to be owned by the plaintiff was a suit to recover damages to land within exception 14.

Anderson alleged that he owned a 1/12th interest in the oil, gas and other minerals in said two sections of land in Crockett County and that he was entitled to 1/12th of the minerals or the proceeds of minerals produced from the two sections. He claimed, and the record shows, that appellants denied that he owned such an interest. We think it is evident that if he is to recover that for which he has sued that he must show that the deed recorded in Crockett County, which purports to show a conveyance by him of his interest in said land to Martin, was a forgery. Unless Anderson makes such proof, how can he show that he owns the interest he asserts in said land and require appellants to account to him for the oil they produce therefrom. It is evident from this record that Anderson has not established that said deed is a forgery but that he has proved there is a controversy as to title. The real question is whether Anderson owns an interest in the minerals in said land in Crockett County and is therefore, entitled to receive from appellants part of the oil appellants produced from said land. If the plaintiff proves that he owns a 1/12th interest in the lands, as he alleges and claims in his testimony, then it follows that he is entitled to that portion of the production. Unless he owns it he is not entitled to recover anything.

We conclude that venue is controlled by exception 14, Article 1995, and, therefore, that it "must" be tried in Crockett County. The order overruling appellants' plea of privilege and venue is reversed and the case is ordered transferred to Crockett County.