IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 30, 2005 Session

# IN RE: ADOPTION OF L. L. C. , AARON MICHAEL DARNELL v. NATHAN TED COOK

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-03-1381-3     The Honorable D. J. Alissandratos, Chancellor**

---

**No. W2005-00872-COA-R3-PT - Filed December 9, 2005**

---

This appeal involves a petition for adoption and termination of the biological father's parental rights filed by biological mother and her current husband. There is no transcript of the trial proceeding, and the record contains a statement of evidence filed by the biological father and objections thereto with an additional statement of the evidence filed by the petitioners, neither of which were signed by the trial court. The statements are different in several respects. The trial court granted the adoption and termination of the biological father's parental rights on the ground of willful abandonment, but failed to make specific findings of fact as required by T.C.A. § 36-1-113 (k) (2005). The biological father has appealed. We vacate and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Melissa C. Berry of Memphis, Tennessee for Appellant, Nathan Ted Cook

William Craig Hall and Richard F. Vaughn from Collierville, Tennessee for Appellees, Aaron Michael Darnell and Jennifer Darnell

## MEMORANDUM OPINION[1]

A brief statement of the facts will be made; however, in the absence of findings of fact by the trial court and a transcript or record of the proceedings, we will not attempt to fully state the facts of the controversy.

L. L. C. was born August 2, 1995, to co-petitioner, Jennifer Joy Darnell (fomerly Dunaway and hereinafter "Mother"or "Petitioner") and respondent, Nathan Ted Cook (hereinafter "Respondent-Father"). After the birth of the child, the parties resided for some time with Mother's parents until they separated. Mother married petitioner, Aaron Michael Darnell (hereinafter "Darnell"or "Petitioner") on February 4, 2000, and L. L. C. has resided with Petitioners since that time. On July 16, 2003, Petitioners filed a petition for adoption of L. L. C., naming Father, as respondent, in which they also sought to terminate Respondent-Father's parental rights. The petition was amended, pursuant to an order of the court, on August 11, 2004, seeking child support from Respondent-Father from the date of the child's birth date to the date of adoption.

We should first note that the record in this case leaves much to be desired. The record does not contain an answer of Respondent-Father to the original petition for adoption and the amendment to the petition. Respondent-Father filed a statement of the evidence, and Petitioners filed an objection, which included an additional statement of the evidence. The dispute between the parties concerning the statements of the evidence was never resolved by the trial court, although a meeting was held, reflected by the record, to attempt to complete a record of the testimony. We also note that the final decree entered by the trial court recites that the trial court considered the answers to the petition for adoption, the amended petition for adoption, and depositions of the Respondent-Father and Petitioners, none of which are included in the record on appeal.

The petition for adoption alleges that Respondent-Father wilfully abandoned the child for more than four consecutive months immediately preceding the filing of the petition, and the amended petition alleges that he has failed to pay any child support.

T.C.A. § 36-1-113 (2005) provides, in pertinent part:

> c) Termination of parental or guardianship rights must be based upon:

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

(1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and

(2) That termination of the parent's or guardian's rights is in the best interests of the child.

T.C.A. § 36-1-113 (g)(1) (2005) provides:

(g) Initiation of termination of parental or guardianship rights may be based upon any of the following grounds:

(1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred;

T.C.A. § 36-1-102 (2005),[2] provides, in pertinent part:

(1) (A) For purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, "abandonment" means that:

(i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child;

The final decree in this case, as to the grounds for termination of Respondent-Father's parental rights, states:

IT FURTHER APPEARING to the Court that the Respondent, Nathan Ted Cook, natural father or said child has wilfully abandoned

---

[2] T.C.A. § 36-1-102 (B), (C), (D), (E) respectively, define token support, token visitation, willful failure to support, willfully failed to visit.

said child for more than four consecutive months immediately preceding the filing of the Petition for Adoption.

IT FURTHER APPEARING to the Court that it is in the manifest best interests of said minor child that the Petition and Amended Petition should be granted, and

IT FURTHER APPEARING to the Court that the child should be declared to be an abandoned child and the parental rights of the Respondent, Nathan Ted Cook, the natural father, should be terminated to the child forever and that he should have no legal rights to the custody, control, or to visitation with the child in the future.

T.C.A. § 36-1-113 (k) (2005) provides:

(k) The court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing.

It is obvious from the final decree that it concerns termination of parental rights, but there are no specific findings of fact and conclusions of law as required by the statute. For example, willful abandonment could be one of several parental termination requirements under the definitions set out in T.C.A. § 36-1-102. The findings of fact should cover the period of time required by the termination statute and should be sufficient to comply with the mandate of the statute that there must be clear and convincing evidence of grounds for termination. Moreover, the findings of the trial court should include specific fact findings concerning the best interest of the child, as required by the termination statutes.[3]

Accordingly, we have no alternative in this case but to vacate the decree of the trial court and remand this case to the trial court for further proceedings consistent with this Opinion and the statutory requirements for termination of parental rights.[4] ***See In Re: D.L.B.***, 118 S.W.2d 360, 367 (Tenn. 2003).

Costs of the appeal are assessed one-half to the Appellant-Father, Nathan Ted Cook, and his surety, and one-half to Appellees, Aaron Michael Darnell and Jennifer Joy Darnell.

---

[3] *See* T.C.A. § 36-1-113 (i).

[4] In the event of a future appeal, the parties should provide an adequate record to this Court.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.