## TIDE WATER OIL CO. v. BOND et al.
### No. 2309—7493.

Commission of Appeals of Texas, Section A.
Oct. 23, 1940.

Y. P. Broome, of Tulsa, Okl., and W. H. Sanford and Conan Cantwell, both of Dallas, for relator.

Angus G. Wynne, of Longview, and Wynne & Wynne, B. J. Wynne, and Gordon R. Wynne, all of Wills Point, for respondents.

GERMAN, Commissioner.

This is an original action instituted in the Supreme Court for mandamus to require the Honorable Court of Civil Appeals at Dallas to certify to this Court a question of law concerning venue of this suit. Such mandamus is sought upon the ground of conflict with decisions of this Court.

On December 5, 1935, respondents Angus G. Wynne and others instituted this suit in the District Court of Van Zandt County against Gordon R. Wynne, and the relator Tide Water Oil Company. The petition was one in statutory form for partition of real estate situated in Rusk County, Texas. The parties will be designated as in the district court.

Said petition alleged that plaintiffs and defendants were the joint owners of the "⅞th leasehold estate and/or working interest" in, under and upon certain described land situated in Rusk County, Texas, in the following proportions: plaintiff Angus

G. Wynne owning ¾ths of ⅕th of 42½% of ¾ths of said leasehold estate and/or working interest; the defendant Gordon R. Wynne owning ¼th of ⅕th of 42½% of ¾ths interest therein; plaintiffs Carlos Bean and wife Mary Bean owning ⅘ths of 42½% of ¾ths interest therein; and the defendant Tide Water Oil Company owning "the remaining interest in and to the leasehold estate and/or working interest." Plaintiffs further alleged that said property was susceptible of partition in kind, and prayed that on final hearing they have judgment for "a partition and division of said land and premises."

Defendant Tide Water Oil Company duly and timely filed its plea of privilege, seeking removal of said suit to the District Court of Rusk County, Texas, where the land described in the petition is located. Said plea of privilege was in statutory form, and also contained allegations that, though purporting to be a suit for partition of an oil and gas leasehold estate, the suit was in fact one for the recovery of title to land; that the primary issue between the parties and the real matter in dispute was the extent of the interests owned by the parties other than Tide Water Oil Company, and the determination thereof was the real purpose of the suit; and also alleging that the suit was not in fact maintainable as a partition suit because none of the parties except Tide Water Oil Company had any right, title or interest in any "oil and gas leasehold estate" on the land described in the petition, the interests of the parties other than Tide Water being interests in the fee simple title; and that there were divers and sundry persons and parties owning interests in said land not parties to the suit.

Plaintiffs Carlos Bean, Mary Bean and Angus G. Wynne duly and timely filed their controverting affidavit to said plea of privilege, consisting of a copy of the original petition, coupled with allegations that it was apparent upon the face of the petition that it was not a suit in trespass to try title, but a partition suit, that its real and primary purpose was to partition the land, and that the venue was fixed by Subdivision 13 of Art. 1995, Rev.Stat. of Tex.1925.

Thereafter, and on June 20, 1936, the plea of privilege came on to be heard in the District Court of Van Zandt County, at which hearing evidence was introduced by the respective parties, and at the conclusion of which hearing said District Court over-ruled and denied the plea of privilege and entered its order accordingly, to which action of the court Tide Water Oil Company duly excepted and gave notice of appeal.

The judgment of the district court overruling the plea of privilege was affirmed by the Court of Civil Appeals. Tide Water Oil Co. v. Bean, 118 S.W.2d 358.

The contention made here is that the decision of the Court of Civil Appeals is in conflict with the decision in the case of Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113. By an amended petition it is alleged that there is also a conflict with the decision in the very recent case of Pena et al. v. Sling et al., 140 S.W.2d 441, 128 A.L.R. 1223, by the Supreme Court. As a basis for granting a writ of mandamus we are not authorized to consider this last decision, as it had not been rendered when the decision of the Court of Civil Appeals was rendered in the present suit. City National Bank v. Phillips Petroleum Co., 124 Tex. 456, 78 S.W.2d 576. However, this latter opinion by the Supreme Court is of importance by way of illustrating the conflict with the decision in Shell Petroleum Corporation v. Grays. The decision in Pena v. Sling is to be regarded in many respects as an affirmation of the decision in Shell Petroleum Corporation v. Grays, and the opinion in the latter case is an elaboration of the opinion in the former case.

We think the holding of the Court of Civil Appeals is correctly reflected by certain portions of the syllabus of the case in Tide Water Oil Co. v. Bean, 118 S.W.2d 358, the pertinent paragraphs being as follows:

"Under statute controlling venue of partition suits, the fact that the resident defendant asserts an adverse claim to the property sought to be partitioned or claims to be the owner or seeks to recover title does not change the nature of the suit. Vernon's Ann.Civ.St. art. 1995, subd. 13. * * *

"Where suit for partition of oil and gas leasehold estate was brought in the county in which one of defendants was resident, court of that county had venue of the case and neither the nature of the suit nor the venue would be changed because of the insistence of defendant that a controversy had arisen as to the share or interest owned by each of the parties. Vernon's Ann.Civ. St. art. 1995, subd. 13.

"Under statute providing that court in partition suit shall determine interest of each of the joint owners in the realty sought to be divided, neither the nature nor the venue of a suit for partition could be disturbed where controversy had arisen as to the share or interest owned by each of the parties. Vernon's Ann.Civ.St. arts. 1995, subd. 13, 6086."

Briefly it may be said that the Court of Civil Appeals has held that venue in this case is fixed by Subdivision 13 of Art. 1995 of the Revised Statutes, because the suit was brought in statutory form of a partition suit, notwithstanding that defendant had injected into the suit a question of title and alleged in its plea that the suit was in reality one involving title to real estate, and venue was controlled by Subdivision 14 of Art. 1995. So holding it was further held that as Gordon R. Wynne, whose interest was common with that of plaintiffs, was a resident of Van Zandt County, venue was properly laid in that county.

By way of amplification of the decision in the Grays case, the Supreme Court in Pena v. Sling held among other things as follows:

1. That in actions involving title to real estate Subdivision 14 is imperative and dominant.

2. That even if an action took the form of a partition suit, if in fact a question concerning the title to real estate became injected into the case by defendant's plea of privilege, the venue was governed by Subdivision 14 and not by Subdivision 13. In other words, that the provision of Subdivision 13, to the effect that suit for partition might be maintained in the county in which one or more of the defendants resided, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover title to same, was dominated by the succeeding clause of said subdivision reading: "Nothing herein shall be construed to fix venue of a suit to recover the title to land."

3. Even though the action was in form of a partition suit, if the defendant in his plea of privilege injected a question affecting the title to land, the burden was upon the plaintiff to plead and prove that the suit was in fact only a partition suit, and that a suit for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on land, was not involved.

We think the conflict between the decisions as thus interpreted is apparent. However, under the state of the present record it is doubtful whether a mandamus should issue. It is shown that a hearing was held by the court upon the plea of privilege and evidence was offered in support of the controverting plea. The action of the court in overruling the plea authorizes an implied finding that plaintiffs established by sufficient proof that the suit was in fact what it purported to be, and did not involve a question affecting the title to land. The statement of facts touching the plea of privilege is not before us, but it is stated by counsel that same is with the record in the Court of Civil Appeals. We would perhaps be authorized to deny the mandamus outright, but for the fact that the Court of Civil Appeals' opinion appears to have been based entirely upon its construction of the statute, and not upon a finding that the suit did not in fact involve a question concerning title to the land. In addition, relator strongly asserts that the evidence clearly shows that a question involving title to land is involved. Under the circumstances we are of the opinion that a conditional writ should be awarded, as hereinafter set out.

It is further alleged that the decision of the Court of Civil Appeals is in conflict with the decision of the Supreme Court in the case of Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641. In the present case the Court of Civil Appeals held that even though all necessary parties to a partition suit were not before the court, nevertheless that question would be reached by proper plea after the plea of privilege was acted upon. In Ward v. Hinkle the Supreme Court correctly held that in a partition suit all parties having an interest in the subject matter were necessary parties to the proceeding. The Court of Civil Appeals fully recognized this rule, and made the further holding that the proper procedure was to dispose of the plea of privilege first and then dispose of the question of necessary parties. We are not concerned about the correctness of this holding, as no case has been cited upon the same point as the one decided by the Court of Civil Appeals, and no conflict is shown in that respect.

The Honorable Court of Civil Appeals will no doubt gladly follow the law as now

declared in the case of Pena v. Sling, supra. Said court is therefore directed to again review its decision in light of the law as now settled by the Supreme Court, and in light of the facts adduced upon the hearing on the plea of privilege. If that court shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved, and will reverse its decision and remand the case to, the District Court of Rusk County, no formal writ of mandamus will issue. If the court shall conclude from the evidence that no question concerning title to land is involved, under the rule concerning burden of proof as announced in the case of Pena v. Sling, and shall furnish this Court with supplemental opinion disclosing its holding in that respect, no formal writ will issue.

Subject, however, to the right of relator to again apply to this Court for such further relief as may be appropriate in light of this opinion.

Opinion adopted by the Supreme Court.