**TIDE WATER OIL CO. et al. v. BEAN et al.**
No. 12355.

Court of Civil Appeals of Texas. Dallas.
Jan. 22, 1941.

Dissenting Opinion March 10, 1941.

W. H. Sanford and Conan Cantwell, both of Dallas, and Y. P. Broome, of Tulsa, Okl., for appellants.

B. J. Wynne, of Wills Point, for appellees.

186

LOONEY, Justice.

This case is before us for reconsideration, in answer to a conditional writ of mandamus issued by the Supreme Court on the petition of Tide Water Oil Company, styled Tide Water Oil Company, Relator v. Joel R. Bond et al., Respondents, 143 S.W.2d 751.

On May 14, 1938, we affirmed the judgment of the District Court of Van Zandt County, Texas, overruling the plea of privilege urged by the Tide Water Oil Company, one of the defendants, in a suit for the partition of a seven-eighths, etc., mineral interest in 8.69 acres of land situated in Rusk County, Texas. The suit was brought by Angus Wynne, a resident of Gregg County, Carlos Bean and his wife, non-residents, against Gordon R. Wynne, a resident of Van Zandt County, Texas, and the Tide Water Oil Company, a foreign corporation, having its principal office in Harris County, alleging that they and the defendants jointly owned the entire interest sought to be partitioned.

Contending that our decision, in overruling its venue plea, was in conflict with the decision of the Supreme Court, in Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, the defendant company requested us to certify to the Supreme Court for its adjudication, the question of law arising on the venue plea. We denied the request for the reason stated at that time, that our decision was not in conflict with any point decided by the Supreme Court in the Grays case. See Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358, 362. Thereupon, the defendant company filed an original proceeding in the Supreme Court for mandamus to require this court to certify the question of venue involved, based upon the alleged ground of conflict, as just stated.

After interpreting our decision, and its decision in the Grays case, as amplified by its more recent decision in Pena v. Sling, 140 S.W.2d 441, 128 A.L.R. 1223, the Supreme Court, Tide Water Oil Co. v. Bond, 143 S.W.2d 751, 753, among other things, said: "Briefly it may be said that the Court of Civil Appeals has held that venue in this case is fixed by Subdivision 13 of Art. 1995 of the Revised Statutes, because the suit was brought in statutory form of a partition suit, notwithstanding that defendant had injected into the suit a question of title and alleged in its plea that the suit was in reality one involving title to real estate, and venue was controlled by Subdivision 14 of Art. 1995. So holding it was further held that as Gordon R. Wynne, whose interest was common with that of plaintiffs, was a resident of Van Zandt County, venue was properly laid in that county"; the court also said: "We think the conflict between the decisions as thus interpreted is apparent. However, under the state of the present record it is doubtful whether a mandamus should issue. It is shown that a hearing was held by the court upon the plea of privilege and evidence was offered in support of the controverting plea. The action of the court in overruling the plea authorizes an implied finding that plaintiffs established by sufficient proof that the suit was in fact what it purported to be, and did not involve a question affecting the title to land. The statement of facts touching the plea of privilege is not before us, but it is stated by counsel that same is with the record in the Court of Civil Appeals. We would perhaps be authorized to deny the mandamus outright, but for the fact that the Court of Civil Appeals' opinion appears to have been based entirely upon its construction of the statute, and not upon a finding that the suit did not in fact involve a question concerning title to the land. In addition, relator strongly asserts that the evidence clearly shows that a question involving title to land is involved. Under the circumstances we are of the opinion that a conditional writ should be awarded, as hereinafter set out."

Obviously, the Supreme Court is in error in interpreting our decision as having been based exclusively upon form of the action, as we did not predicate our decision alone on the ground that the suit was brought in statutory form for partition, but also had in view the undisputed fact, admitted by the Tide Water Oil Company, that the parties, plaintiffs and defendants, were joint owners or joint claimants. In its plea raising the question of venue, the company alleged, among other things, "That the real and primary issue involved in this suit, and the real matter in dispute between the parties, and the real subject matter of this action is the extent of the interest in said land owned by the plaintiff, Carlos Bean and his assignees, to-wit, the plaintiff, Angus Wynne, and the defendant, Gordon R. Wynne, said parties claiming to own an undivided 31.865% interest in fee simple in the tract of land described in plaintiffs' petition; but this defendant, Tide Water Oil

Company, claiming that in truth and in fact said parties only own an undivided 17½% interest therein, and that the determination of said controversy between said parties is the real purpose of this suit and is a necessary issue to be determined therein; and such controversy presents in fact a suit for the recovery of land and to quiet the title to land within the meaning of the statute hereinabove referred to."

So, it appearing that the petition was in statutory form for the partition of real estate, alleging joint ownership of the property, and the fact being admitted by the Tide Water Oil Company that, the parties were joint claimants, and the residence of Gordon R. Wynne, one of the defendants, being in Van Zandt County, we held that the District Court of Van Zandt County had venue of the cause, under that part of exception 13 to Art. 1995, unchanged from 1863 to date, providing that "Suits for the partition of land * * * may be brought * * * in the county in which one or more of the defendants reside, * * *." We did not think then, nor do we think now, that the contention of the Tide Water Oil Company, that it owned a larger interest or share in the property than that conceded by plaintiffs, thus presenting a controversy as to the extent of the company's interest or share in the property, changed the nature of the action from one of partition to an action for the recovery of land, or an interest therein, within the meaning of exception 14 of the venue statute.

■ The statute authorizing compulsory partition of real estate (Art. 6082) expressly provides that, "Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter." And, by Art. 6083, the plaintiff is required to allege the name and residence, if known, of each of the other joint owners or joint claimants and the share or interest which the plaintiff and the other joint owners or joint claimants own or claim in and to the premises. Thus it appears that, a joint owner or one who simply claims to be a joint owner may maintain the action against a joint owner, or one who simply claims to own an interest, and that a controversy, in regard to the share or interest claimed by either party, shall be determined by the court before

partition can be had, as provided in Art. 6086, as follows: "Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise."

Both the actions of trespass to try title or for the recovery of land, the venue of which is controlled by exception 14 to Art. 1995, and the action to partition land, the venue of which is controlled by exception No. 13, are statutory; they deal with the same general subject, are closely related, but are not identical, and, in our opinion, may readily be distinguished one from the other.

■ Trespass to try title is the common law of ejectment modernized; originally it furnished, and at the present time furnishes, the procedure by which rival claims, to the title or right to the possession of land, may be adjudicated, and, as an incident, partition may also be had when the controversy as to title or right to possession is settled. In McLean v. Moore, Tex. Civ.App., 145 S.W. 1074, 1075, 1076, the court used the following language in point: "The objection that this is a partition suit is not well taken in this case, if it could be in any case. The plaintiff had alleged that appellant herein was the owner of a two-thirds undivided interest in the land sued for, and the suit was to recover the other undivided one-third interest. This made it in fact, as in form, a suit of trespass to try title; and it is immaterial that, in addition to seeking to recover the one-third interest, plaintiffs also asked for a partition of said interest when so recovered as against appellant herein, who was admitted to own the other two-thirds interest."

■ At common law, the right to compulsory partition of land was between coparceners, a group claiming from a common source, but, as stated by Chief Justice Wheeler in Ross v. Armstrong, 25 Tex. Supp. 354, 371, 78 Am.Dec. 574, "The act of the 5th of February, 1840, 'to enable part owners of land to obtain partition thereof,' recognizes no distinction between these several kinds of estates in joint ownership, but treats the tenants all alike, simply as 'part owners,' and gives all alike the right of compulsory partition." As provided by statute, and held in any number of cases, as an incident to the partition of land, the court may be required to adjudicate contro-

versies between joint claimants, touching the share or interest of each in the land sought to be partitioned. See Art. 6086 heretofore quoted. Miller v. Odom, Tex. Civ.App., 152 S.W. 1185; Perkins v. Perkins, Tex.Civ.App., 166 S.W. 915. In De La Vega v. League, 64 Tex. 205, 216, Chief Justice Willie, of our Supreme Court, said: "In our state, where there is no distinction between law and equity in the determination of causes, an action to settle disputed titles, whether legal or equitable, may be combined with one to partition the land between the plaintiff and defendant. Hence there can be no objection to determining any questions as to title between the co-owners in a partition suit in our state, and the strict rules of chancery do not prevail."

The doctrine seems to be settled that, it is only where a defendant in a partition suit sets up in his answer a claim of ownership to all the land involved, that the action becomes one of trespass to try title, the venue of which is controlled by exception 14. This was specifically held in Green v. Churchwell, Tex.Civ.App., 222 S.W. 341, 342, the court saying: "A partition suit in the ordinary form may be converted into a suit of trespass to try title by the defendant alleging title and right of possession in himself to the whole of the land in controversy. De La Vega v. League, 64 Tex. 205; Banks v. Blake [Tex.Civ.App.] 143 S.W. [1183] 1184, 1185."

We therefore respectfully submit that, the statutes and the doctrine of the adjudicated cases, lead inescapably to the following conclusions: (1) That suits for the recovery of land, denominated in the statute "trespass to try title", venue of which is controlled by exception 14 to Art. 1995, essentially, is an action between rival claimants of land or the right to the possession thereof, and that, incidentally, partition may follow in accordance with the adjudication as to title or right to the possession; (2) that the action for partition of land, venue of which is controlled by exception 13 to Art. 1995, essentially, is an action between joint owners or joint claimants, and that, as an incident, before decreeing partition, the court may be required to adjudicate controversies arising between the parties as to the extent of the share or interest of either party; (3) where, admittedly, as in the case at bar, the action is between joint claimants, presenting for adjudication simply a controversy as to the amount or size of the share or interest of the respective parties, the action nevertheless is one for partition, venue of which is controlled by exception 13; (4) but where, in a formal action for partition, the defendant sets up a claim of ownership to the entire property involved, the action becomes one for the recovery of land within the meaning of the statute, and is controlled by exception 14. Also where, as in the case of Pena v. Sling, Tex.Sup., 140 S.W.2d 441, 128 A.L.R. 1223, the defendants plead that plaintiff's petition, although in form an action for the partition of land, in fact, camouflaged an action for the recovery of land, to evade the controlling venue statute, and plaintiffs failing to discharge the burden of proof resting upon them in such a situation, the suit, in our opinion, was properly held to be an action for the recovery of land, and controlled by exception 14 to Art. 1995.

In its opinion on the application for mandamus, among other things, the Supreme Court said: "The Honorable Court of Civil Appeals will no doubt gladly follow the law as now declared in the case of Pena v. Sling, supra. Said court is therefore directed to again review its decision in light of the law as now settled by the Supreme Court, and in light of the facts adduced upon the hearing on the plea of privilege. If that court shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved, and will reverse its decision and remand the case to the District Court of Rusk County, no formal writ of mandamus will issue. If the court shall conclude from the evidence that no question concerning title to land is involved, under the rule concerning burden of proof as announced in the case of Pena v. Sling, and shall furnish this Court with supplemental opinion disclosing its holding in that respect, no formal writ will issue."

So, we approach the task of determining the law, as announced by the Supreme Court in Pena v. Sling. Necessarily, this must be determined from the issues joined, and the pertinent expressions of the court in disposing of same. The nature and result of the case is as follows: Plaintiffs, residents of Duval County, filed in the District Court of Bexar County a formal action to partition 200 acres of land situated in Duval County, alleging in substance that, they owned a one-half undivided interest in the 200 acres, and that, the other half

was owned in varying proportions by the defendants, three of whom were alleged to reside in Bexar County when the suit was brought.

In due order, and by proper pleas, the defendants challenged the venue of Bexar County, alleging among other things that, although plaintiffs' petition was, in form, a pleading for the partition of real estate, in truth and in fact, they sought, principally, the recovery of an undivided interest in the lands involved, and to quiet the title to same, praying that, the venue of the case be changed to Duval County, as provided in exception 14 to Art. 1995. Nowhere in the pleas of the defendants was there an admission that the plaintiffs owned any interest in the lands, and no fact or facts were alleged from which a status of co-tenancy between plaintiffs and the defendants, could be implied.

In their controverting pleas, plaintiffs simply reiterated the allegations of their petition, alleged that the venue of the suit was controlled by exception 13 to Art. 1995, relating to partition, in that, three of the defendants, who resided in Bexar County, were asserting adverse claims or interests in and to the property.

On hearing, plaintiffs introduced no evidence other than their petition, which simply revealed the nature of the cause of action, and evidence showing that three of the defendants were residents of Bexar County, where the suit was instituted. In this status, the District Court sustained defendants' pleas and changed the venue of the cause to a court of proper jurisdiction in Duval County, where the land is situated, from which plaintiffs appealed to the Court of Civil Appeals, and the latter court certified to the Supreme Court for its adjudication, the questions of law arising on the record.

The decisive and only question answered by the Supreme Court was as follows [140 S.W.2d 444, 128 A.L.R. 1223]: "First: In this suit brought in Bexar County for partition of land situated in Duval County, did the plaintiffs fully meet the burden resting upon them to sustain venue, by (1) introducing their original petition in evidence showing the nature of their suit to be, strictly and exclusively, a statutory action for partition of real estate, and (2) by showing that three of the defendants were residents of the county in which the suit was pending?"

■ After a lengthy discussion, the Supreme Court answered the question "No", but, preceding the answer, among other things, said: "Under the express provisions of Article 2007, R.C.S.1925, supra, a statutory plea of privilege or venue, duly filed, is 'prima facie proof of the defendant's right to change of venue.' It follows that such a plea is sufficient, in law, to require the plaintiff to assume the burden of pleading and proving that he has a statutory right to maintain his suit in the county where he has filed the same. The burden on the plaintiff to prove his right to such venue is as complete and absolute as is his burden to plead the same. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550."

■ We are in hearty accord with the doctrine announced by the Supreme Court, as just quoted. It will be observed that the pleas of privilege challenged plaintiff's good faith in bringing a partition suit, contending that, while bearing the semblance and form of a statutory action to partition lands, in truth and in fact, the action was one to try title to land, the venue of which, under exception 14 of the venue statute, was in Duval County. Although controverting these pleas, plaintiffs offered no evidence whatever, either showing or tending to show that the land was owned or claimed by the parties as co-tenants, therefore failed to prove the essential fact, that is, co-tenancy, to bring the case within the meaning of exception 13 to Art. 1995. The disposition the Supreme Court made of the case, on the record presented, in our opinion, was absolutely correct. But the Supreme Court entered upon a rather extended discussion and an elaborate construction of exception 13, which we respectfully suggest was not necessary to a decision of the rather narrow question certified for its adjudication; hence being, in our opinion, merely dicta, is not controlling as authority, under the doctrine of stare decisis, yet merits and has received our respectful and careful consideration, as will be shown.

After stating that, under exception 13, "partition suits may be brought in the following counties: 1. In the county where such land or other property, or a part thereof, may be. 2. In the county in which one or more of the defendants

reside. 3. In the county of the residence of any defendant who may assert an adverse claim or interest in such property, or seeks to recover the title to the same", the court then said that, "If exception 13 ended with the provisions just above indicated, we would have little difficulty in determining its meaning, but it does not so end. It contains a general and very significant and all-inclusive provision at the end thereof. This provision is that, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land.' Under this provision the legislative intent not to alter or change the provisions of exception 14, supra, regarding the venue of land title suits, is plainly indicated." And, as further showing the court's idea as to the controlling effect of the proviso, at another place in its opinion, the court used the following language: "Further, it is evident that the provision, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land,' dominates and qualifies every part of exception 13 which precedes it, and prevents such exception from ever being relied on 'to fix venue of a suit to recover the title to land.' " The Court also construed the part of exception 13 providing that, suits for partition may be brought "in the county of the residence of any defendant who may assert an adverse claim or interest in 'such property, or seeks to recover the title to the same," as pertaining alone to personal property, and as having no reference whatever to one who asserts an adverse claim or interest, or who seeks to recover real estate.

As a corollary to these views, in its opinion in the instant matter, the court said: "2. That even if an action took the form of a partition suit, if in fact a question concerning the title to real estate became injected into the case by defendant's plea of privilege, the venue was governed by Subdivision 14 and not by Subdivision 13. In other words, that the provision of Subdivision 13, to the effect that suit for partition might be maintained in the county in which one or more of the defendants resided, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover title to same, was dominated by the succeeding clause of said subdivision reading: 'Nothing herein shall be construed to fix venue of a suit to recover the title to land.' "

So, it seems, under the interpretation given to exception 13 by the Supreme Court, where, as in the instant case, a suit for partition is brought by a joint owner or joint claimant against another joint owner or joint claimant, in the county of the residence of one of the defendants, who, in his answer, injects a question of title—that is, claims to own a larger share or interest in the jointly-owned property, than the interest alleged by plaintiff, that under the proviso, as above stated, the suit instantly, and as a matter of law, becomes one for the recovery of land, and is controlled as to venue by exception 14 to Art. 1995.

Such construction in our opinion, practically destroys the provisions of exception 13, permitting suits in the county of the residence of a defendant, or in the county of the residence of any defendant who may claim adversely, and re-establishes the rule announced by the court in Peterson v. Fowler, 73 Tex. 524–527, 11 S.W. 534, 535, where the court, in a similar situation, said: "It appears from the petition that appellees were claiming two-thirds interest in the land in Frio county, while appellant admitted their title to only one-half. We think that to the extent of the difference between one-half and two-thirds the suit was necessarily an action of trespass to try title, and the district court of Lamar county did not have jurisdiction.".

Obviously, this decision, rendered in 1889, brought about the amendment to exception 13, adopted by the Legislature on March 20, 1919. As amended, the exception read: "Suits for the partition of lands or other property may be brought in the county where such lands or other property or a part thereof, may be, or in the county in which one or more of the defendants reside, and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the co-tenancy of the parties or any of them is

established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land." See Session Acts General Laws, 36th Leg., Ch. 93, p. 152.

█ It is evident that, in the codification of 1925, the committee denuded this exception, as amended in 1919, of all verbiage deemed useless, but, as they were not legislators or authorized either to amend or change the meaning of statutes, but simply to arrange them in appropriate titles, chapters and articles, it is safe to assume that exception 13, as it appears today, has the identical meaning it had when amended on March 20, 1919. It has been held in a number of cases that, it is permissible to go behind the adoption of the Code and give due consideration to the original act, in determining the legislative intent. See 39 T. J. p. 264, Note 11.

The amendment of 1919 reproduced exception 13 as it then existed, and added the following: "and any suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner. thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the cotenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land."

█ Keeping in mind the decision of the court in Peterson v. Fowler, obviously the legislature intended to change the rule announced in that case, so as to authorize the prosecution of partition suits in the county of the residence of a co-tenant claiming adversely, and the proviso "that nothing herein shall be .construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie," operated simply as a restraint on the clause to which it was immediately attached, and of which it formed a part, and, in our opinion, was not intended to nor did it have any relation to or effect upon any other provision of exception 13 or of exception 14.

█ The pertinent rule applied in construing provisos is stated in 39 T. J. p. 193, sec. 102, as follows: "Generally a proviso is construed in connection with the article or section of which it forms a part, and is to be given effect, if reasonably possible, according to the clear meaning of the language used. Ordinarily a proviso is limited to the clause which next precedes it and to which it is attached. So where there are successive provisos, the qualifying terms of the last will be understood as referring to the one next preceding." In a similar situation presented to the Supreme Court of Tennessee, in Frix v. State, 148 Tenn. 478, 256 S.W. 449, 451, the court said: "The rule of construction being that a proviso must be limited to its application in the particular section of the statute in which it is found, unless a contrary intent clearly appears, certainly it should be held that the effect of a proviso in an amendatory statute should be limited in its application to the statute in which it is found, and not extended to the original statute of which the statute containing the proviso is an amendment."

█ But what restraint did the proviso place upon the next preceding provision? Obviously, we think, it was designed to deter the institution of suits for the recovery of lands in a county other than where the lands are situated, under the guise of a partition proceeding, and introduce no new procedure, for, in contemplation of law, each exception to Art. 1995 is impliedly restrained to the same effect. Wherever, in any case, venue is fraudulently laid, the defendant's plea of privilege, in statutory form, shall be considered prima facie proof of his right to change the venue of the case and he is not required to either allege or prove that, plaintiff's allegations were fraudulently made for the purpose of conferring venue of the case upon the court where it was instituted (see 43 T.J. p. 801, sec. 77); but in such a situation, the laboring oar is with the plaintiff to allege and prove the fact or facts relied upon to confer venue.

As originally adopted as a part of the amendment in 1919, the proviso also contained the following language, which we think furnishes the clue to a proper. construction of the provision added by the

amendment in 1919; the language is this: "but whenever on the trial of the case [contest in regard to venue], the co-tenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land." The complete added provision, we think, has the same meaning today that it had when adopted in 1919, and confirms the correctness of our views as to the real distinction between "suits for the recovery of lands," venue of which is controlled by exception 14, and "suits for the partition of land," venue of which is controlled by exception 13; the distinguishing feature being that, while a suit for the recovery of land is a contest between rival claimants, a suit for partition is between co-tenants, although in such suit, the court may be called upon to adjudicate controversies arising between co-tenants as to the extent of the interest or share owned by each party in the property sought to be partitioned.

When the obvious purpose of the amendment of 1919 is considered, the codified form being exception 13 as it now reads, we do not think it can be correctly said, as was said in Pena v. Sling, Tex.Sup., 140 S.W.2d 441, 447, 128 A.L.R. 1223, that, the language, added by the amendment of 1919, had reference alone to property other than land. To reach such conclusion, the occasion that brought forth the amendment must be ignored, also the import of the language of the proviso as originally adopted, referring to co-tenancy and the trial of the title to land, which in our opinion forbids the thought that, personal property alone was the subject matter of the amendment of 1919.

We are admonished by the Supreme Court, in reviewing our former decision, to "follow the law as now declared in the case of Pena v. Sling," hence we felt at liberty to determine the law as thus declared; that is, the ruling principles applied and necessary to the decision of that case. As heretofore shown, we have no fault to find with the decision in Pena v. Sling. The case, in our opinion, was free from complications and its decision did not involve the construction of exception 13 to the venue statute. In short, the case was an action to partition land, against several alleged joint owners, brought in a county other than where the land was situated, but in a county where several of the defendants, allegedly claiming adversely, resided. The defendants interposed pleas of privilege, in due form, raising the question of venue, challenging the good faith of the partition suit, alleging that, in fact, it was a suit for the recovery of land, praying that the venue be changed to the county where the land lay. These pleas entitled the defendants to a judgment changing the venue, unless plaintiffs alleged specifically and proved the fact, or facts, relied upon to confer venue on the court where the case was instituted; however, plaintiffs failing to discharge the burden cast upon them, judgment changing the venue of the case followed as a matter of law. (see Arts. 2007, 2008, and numerous cases decided under these Articles); and this without regard to the meaning that may be imputed to exception 13 to Art. 1995. It follows therefore that, in our opinion, the construction of exception 13, by the Supreme Court, in Pena v. Sling, is dicta; but, because of its eminent source, was entitled to our respectful consideration, which it received, yet, in the face of our positive convictions to the contrary, cannot be accepted and applied as controlling authority. See 11 T.J. p. 835, sec. 94.

We have written at length, that our position, and reasons for same, may be understood, which involves neither contumacy nor disrespect on our part for the Supreme Court. We recognize fully that, in contemplation of law and, as suggested by the proprieties as well, we should follow the law as announced by the Supreme Court, whose decisions are final on all law questions, however much we may dissent from the doctrine announced.

That the plaintiffs and the defendants are cotenants, is not controverted; however, a controversy having arisen as to the interest or share the parties owned in the property sought to be partitioned, the present suit ensued. The answer of the defendant company, while admitting the fact of co-tenancy, claimed to own a larger interest or share in the property than was conceded in plaintiffs' petition. We think the suit was brought in perfect good faith, plaintiffs believing their allegations to be true; also, we find that the contention of the company, as to the share or interest owned by it in the property, was urged in good faith. It appears that, some time prior to the institution of the suit, and before the controversy between the parties assumed definite shape, an amicable parti-

tion of the property was in contemplation. On the trial, voluminous documentary evidence was introduced by each party, bearing more or less upon their respective contentions. We have no way of knowing the conclusions reached by the trial judge from the evidence, other than as implied from the judgment rendered in favor of plaintiffs, which we affirmed, and which we are reqested to reconsider; the Supreme Court saying that, if we "shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved," and will reverse our decision and remand the cause to the District Court of Rusk County, no formal writ of mandamus will issue.

Responding directly to this language, we beg to respectfully say that, in view of what has been written in the preceding pages of this opinion, we cannot consistently hold that, a question affecting title, such as is comprehended by Subdivision 14 to Article 1995, is involved; therefore, decline to reverse our former decision; on the contrary, reaffirm all that was said and decided in our original opinion.

The clerk of this court is hereby directed to furnish the Supreme Court with a certified copy of this opinion and to the parties, respectively, or their attorneys, a copy thereof.

BOND, Chief Justice (dissenting).

On original submission of this appeal, the question was raised that the only controversial issue in the suit was one involving title to land, and that partition of the land among the joint owners was merely an incidental matter; thus, when the disputed title is settled, the partition would necessarily follow without controversy. It can hardly be seriously contended that there is a controversy over the partition of the land involved in suit, the controversy centering on the question of title. The record reveals, as expressed in our opinion (118 S.W.2d 358), that on the trial of the plea of privilege, voluminous documentary evidence was introduced by each party, bearing more or less upon their respective contentions affecting the title in dispute. Therefore, a question of title is involved. I see no reason to repeat the findings of fact here; as reflected by our former decision, they are reaffirmed.

The Supreme Court (Tide Water Oil Co. v. Bond, 143 S.W.2d 751), on application for mandamus, forwarned that a formal writ would issue to this court, requiring questions of law affecting venue to be certified to that court, unless we reverse our decision and remand the cause to the District Court of Rusk County, Texas. On such mandate, this court reconsidered its decision, but declined to follow the suggestion of the Supreme Court; on the contrary, reaffirmed all that was said and decided in our original opinion. I was not in accord with our action. Consequently, in the light of facts disclosed in our original and supplemental opinion, writ of mandamus was issued by the Supreme Court, expressing the opinion that the statement of the record, as disclosed in our decision, presents a question of title. Tide Water Oil Co. v. Bond, Chief Justice, et al., Tex.Sup., 148 S.W.2d 193, not yet reported [in state report]. I adhere to our findings of fact in the case, but, on further consideration, have decided to express briefly my opinion that a question of title, to an undivided interest in the land, is involved, such as is comprehended by Subd. 14 to Art. 1995; therefore, in deference to the record and the decision of the Supreme Court, I dissent from the action of the majority, believing our former decision should be reversed and the cause remanded to the District Court of Rusk County. This, I think, should satisfy the writ of mandamus; if not, the cause on certified questions should be submitted to the Supreme Court.