TIDE WATER OIL COMPANY V. CARLOS BEAN ET AL.

No. 7842. Decided March 18, 1942.
(160 S. W., 2d Series, 235.)

*W. H. Sanford & Conan Cantwell* and *Y. P. Broome*, for appellant.

*B. J. Wynne*, of Wills Point, for appellees.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case is before us on a certified question from the Court of Civil Appeals at Dallas.

On December 5, 1935, Angus G. Wynne and Carlos Bean and wife, Mary Bean, instituted suit in the District Court of Van Zandt County, Texas, against Gordon R. Wynne and Tide Water Oil Company. The action was in form a statutory partition action to partition land situated in Rusk County, Texas, and for receivership. Plaintiff's petition in the Van Zandt County district court alleged that they and the defendants jointly owned the seven-eighths oil and gas leasehold estate and/or working interest in and under a tract of land situated in Rusk County, Texas. The petition then sets out the alleged respective fractional interests as the plaintiffs contended them to exist. The petition contains other allegations not pertinent to this opinion.

Defendant Tide Water Oil Company duly and timely filed a plea of privilege, seeking removal of the above-mentioned suit to the District Court of Rusk County, Texas, where the land described in plaintiff's petition is located. Such plea was in statutory form, which was all that was necessary. In addition, however, to the statutory requirements, the plea of privilege under consideration also contained allegations that, though purporting to be a suit for partition of an oil and gas

leasehold estate, the suit was in fact one for the recovery of land; that the primary issue between the parties, and the real matter in dispute, was the extent of the interest owned by the parties other than Tide Water Oil Company, and the determination thereof was the real purpose of the suit; and, also, the plea of privilege alleged that the suit was not in fact maintainable as a partition suit, because none of the parties except Tide Water Oil Company had any right, title, or interest in any oil and gas leasehold estate on the land described in the partition, the interest of the parties other than Tide Water Oil Company being an interest in the fee simple title; and that there were diverse and sundry persons and parties, owning interests in said land, not parties to the suit.

Plaintiffs filed a controverting affidavit to the plea of privilege or venue filed by Tide Water Oil Company. In such affidavit plaintiffs pleaded as in their original petition, and then pleaded that such suit was not a suit in trespass to try title, because the title had already been adjudicated in another suit in Rusk County, Texas.

The plea of privilege or venue filed by Tide Water Oil Company and the plaintiffs' controverting affidavit were duly heard by the District Court of Van Zandt County; at which hearing evidence was introduced. At the conclusion of such hearing the court overruled the plea of privilege or venue, and Tide Water Oil Company appealed to the Court of Civil Appeals at Dallas. That court affirmed the order of the district court. 118 S. W. (2d) 358.

We shall not attempt a complete analysis of the opinion just above mentioned. It is sufficient to say that it, in effect, holds that under Subdivision 13, as amended, of Article 1995 of our Civil Statutes, relating to venue in partition suits or proceedings, venue of this suit can be maintained in Van Zandt County, Texas, because one of the defendants resides therein; notwithstanding the fact that the land is located in another county, and notwithstanding the fact that the suit will involve a disputed issue of title as against the party filing the plea of venue to remove the suit to the county where the land is situated.

The opinion, supra, of the Court of Civil Appeals came before this Court for consideration in a mandamus proceeding. The question there was whether such opinion was in conflict with the opinion of this Court in the case of Shell Petroleum

Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113. The opinion of this Court, speaking through the Commission in the mandamus proceeding supra, 135 Texas 334, 143 S. W. (2d) 751, held that the opinion of the Court of Civil Appeals was in conflict with the opinion of this Court in the Shell Petroleum Corporation case, supra. The opinion of the Commission then went further, and fully discussed the Shell Petroleum Corporation case, supra, and demonstrated that on its face, and as interpreted by this Court in the case of Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441, 128 A. L. R. 1223, the Shell Petroleum Corporation case plainly held that Subdivision 13, as amended, of Article 1995, does not confer venue in a land partition suit outside the county where the land is situated, if the suit involves a disputed issue of title. The opinion of the Commission, adopted by this Court, uses this very plain language: "We think the conflict between the decisions is apparent."

After the above holding the opinion of the Commission went further, and called attention to the fact that, since the statement of facts was not before this court, we were unable to say what it showed with reference to whether this suit involved a disputed issue of title. The Commission opinion then states:

"The Honorable Court of Civil Appeals will no doubt gladly follow the law as now declared in the case of ·Pena v. Sling, supra. Said court is therefore directed to again review its decision in light of the law as now settled by the Supreme Court, and in light of the facts adduced upon the hearing on the plea of privilege. If that court shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved, and will reverse its decision and remand the case to the District Court of Rusk County, no formal writ of mandamus will issue. If the court shall conclude from the evidence that no question concerning title to land is involved, under the rule concerning burden of proof as announced in the case of Pena v. Sling, and shall furnish this Court with supplemental opinion disclosing its holding in that respect, no formal writ will issue."

After the above proceedings had been had, the Court of Civil Appeals again considered the appeal of Tide Water Oil Company from the order of the District Court of Van Zandt County, overruling its plea of privilege or venue, and again

adhere to all of its original rulings. Chief Justice Bond dissented. Tide Water Oil Company v. Bean, 148 S. W. (2d) 184. Tide Water Oil Company again applied to this Court for a mandamus to compel the Court of Civil Appeals to certify. This Court again considered the question, held that a disputed issue of title is involved, and granted the mandamus as prayed for. Tide Water Oil Company v. Bond et al, 136 Texas 127, 148 S. W. (2d) 193. In obedience to such mandamus order, the Court of Civil Appeals has certified to this Court the question as to whether or not it was in error in affirming the order of the District Court of Van Zandt County, overruling the plea of privilege of Tide Water Oil Company.

■ We have read and carefully considered the majority and dissenting opinions of the Court of Civil Appeals, 148 S. W. (2d) 184, and are in accord with the dissenting opinion of Chief Justice Bond. A reading of both the majority as well as the dissenting opinion of the Court of Civil Appeals discloses that that court has fully examined and considered the statement of facts in the venue appeal before it, as it was directed to do in the first opinion by this Court; and such opinions correctly show that the statement of facts fully discloses that the suit in the District Court of Van Zandt County, Texas, though in form a partition action, involves a bona fide disputed issue of title to an undivided part of the land sought to be partitioned. Under our opinion in Shell Petroleum Corporation v. Grays, supra, Pena v. Sling, supra, and Tide Water Oil Company v. Bond, 135 Texas 334, 143 S. W. (2d) 751, the venue of such a cause is in the county where the land is situated.

A reading of the last opinion of the Court of Civil Appeals, 148 S. W. (2d) 184, will disclose that it holds that "where admittedly, as in the case at bar, the action is between joint claimants presenting for adjudication simply a controversy as to the amount or size of the share or interest of the respective parties, the action nevertheless is one for partition, venue of which is controlled by Exception 13; * * * but where, in a formal action for partition, the defendant sets up a claim of ownership to the entire property involved, the action becomes one for the recovery of land within the meaning of the statute and is controlled by Exception 14."

■ We are not in accord with the above ruling. In our opinion, it amounts to reading into Exception 13 of Article 1995 a pro-

vision not put therein by the Legislature. Exception 13 contains a provision which says that: "Nothing herein shall be construed to fix venue of a suit to recover title to land." As said by us in Pena v. Sling, supra, this provision is dominant and controlling of the whole exception. If the partition suit involves a disputed issue of title, how much is immaterial, venue is controlled by Exception 14, and not by Exception 13, of Article 1995. We here quote and reaffirm the following holding in the Pena opinion:

"We admit that we have encountered great difficulty in attempting to harmonize the part of exception 13 last above quoted with the part of the same exception which allows venue in partition suits outside the county where the property, or a part thereof, is located, if the suit is filed in a county where a defendant resides who asserts an adverse claim or interest to such property, or who may seek to recover the title thereto. We hold, however, that if there is any conflict, the provision, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land,' is the dominant provision, and should be given controlling effect. Furthermore, even if it should be admitted that the portion of exception 13 last quoted does not dominate, then if applied to land partition suits exception 13 could not confer venue where the title to land must be litigated, because the statute would be so contradictory as to be meaningless.

"It appears to us that all parts of exception 13, supra, can be harmonized and given effect by interpreting the word 'property' as used in that part of such statute which says 'or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same,' as referring to the 'other property' referred to in the preceeding portion of the exception. In other words, the 'property' referred to in the portion of the exception just quoted, refers to 'property' other than land. When the exception is thus construed, all parts are harmonized, and the provision, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land,' conflicts with no other provision.

"From what we have said in regard to the correct construction to be given exception 13, supra, it must be held that it cannot confer venue in a land partition suit in a county where the land, or a part thereof, is not located, if the suit involves a question of title or an effort to recover the land. This must be

true, whether we hold that the statute is conflicting, or whether we hold that the part of same which provides that 'or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same,' refers to personal property, or whether we hold that the provision at the end of the exception, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land,' dominates and qualifies all that precedes it."

The exact question certified to this Court by the Court of Civil Appeals is as follows:

"Was the suit one for the recovery of land within the meaning of Subdiv. 14 of Article 1995, R. C. S.?"

The above question is answered, "Yes."

Opinion delivered March 18, 1942.