

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 8, 1950

Hon. Maxwell Welch
District Attorney
5th Judicial District
New Boston, Texas

Opinion No. V-1068.

Re: The legality of ap-
pointing a special
head of the automo-
bile division in the
office of the Tax
Collector of Bowie
County.

Dear Sir:

Reference is made to your recent request which
reads in part as follows:

"The Tax Collector of Bowie County has
made application to the Commissioners Court
of Bowie County, Texas, for authority to ap-
point a special head of the automobile divi-
sion of his office at a salary of $2700.00
per annum. This application was made pursu-
ant to the authority given by Article 7252
of the Revised Civil Statutes, and such ap-
plication contained all of the requirements
set out in Article 3902. The County Judge
advised the Tax Collector, upon the presen-
tation of such application, that the Commis-
sioners Court did not have authority to grant
the Tax Collector permission to employ such
special head of the automobile division, it
being the County Judge's contention that Art-
icle 7252 applies only to counties containing
a population of 355,000 or more, and inasmuch
as Bowie County does not have such population,
such special head is therefore not authorized.
This office is of the opinion that said Arti-
cle 7252 does authorize our tax collector to
appoint a special head of the automobile di-
vision of his office."

Prior to 1939, Article 7252 of Vernon's Civil
Statutes provided:

"Each assessor and collector of taxes
may appoint one or more deputies to assist

him in the assessment and collection of taxes, and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the assessor and collector of taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of this Article shall do and perform all the duties imposed and required by law of assessors and collectors of taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the assessor and collector of taxes in person."

However, this Act was amended by House Bill 822, Acts 46th Leg., R.S. 1939, ch.6, p.971, by adding thereto the following:

". . . provided, that in counties having a population of three hundred and fifty-five thousand (355,000) or more according to the last preceding Federal Census, the Assessor and Collector of Taxes may in addition contract with special deputies having special technical training, skill, and experience for the purpose of assisting him in obtaining information upon which to base proper valuations of oil and mineral bearing lands and properties and interests therein, industrial and manufacturing plants, and other properties where special technical skill and training is required.  In addition thereto, such special assistants, clerical, accounting, or stenographic, as may be necessary to conduct the organization herein provided for and to carry out the purposes of this Act may be applied for and appointed in like manner provided they shall be appointed only for purposes consistent with this Act.  In addition thereto, the Assessor and Collector of Taxes shall be authorized to apply for the appointment of a special head of the automobile division of his office at a salary not to exceed Two Thousand, Seven Hundred Dollars ($2,700) per annum.  The compensation to be paid such special deputies and special automobile department head shall be subject to the approval of the Commissioners Court and the County Auditor, and limitations upon the amount of such compensation elsewhere

provided shall not apply. The contract of employment shall be for a definite term, not extending beyond the term of office of the Assessor and Collector, and shall be made upon sworn application to the Commissioners Court showing the necessity therefor, and shall be subject to approval both as to substance and as to form by the Commissioners Court and by the County Auditor."

Article 3902, V.C.S., is the general statute authorizing the appointment of deputies, assistants and clerks by county and precinct officers, including the tax assessor and collector and providing the salaries to be paid.

In Tidewater Oil Co. v. Bean, 148 S.W.2d 184 (Tex.Civ.App.1941), overruled on other grounds in Tidewater Oil Co. v. Bean, 138 Tex. 479, 160 S.W.2d 235 (1942), it is stated:

"The pertinent rule applied in construing provisos is stated in 39 T.J., p. 193, sec.102, as follows:

"'Generally a proviso is construed in connection with the article or section of which it forms a part, and is to be given effect, if reasonably possible, according to the clear meaning of the language used.

"'Ordinarily a proviso is limited to the clause which next precedes it and to which it is attached. So where there are successive provisos, the qualifying terms of the last will be understood as referring to the one next preceding.'" (Emphasis added)

See also French v. McQuistion, 105 Tex. 299, 147 S.W.867 (1912).

It is observed that the amendment to Article 7252 provides for the appointment of special deputies having special technical training, by the tax assessor and collector in counties having a population of 355,-000 or more, to assist him in obtaining information upon which to base proper tax valuations. It also provides "In addition thereto such special assistants, clerical, accounting or stenographic as may be necessary to conduct the organization herein provided for and to carry

out the purposes of this Act" may be appointed. It further provides "In addition thereto" meaning in addition to those special assistants or deputies, the tax assessor and collector in such counties authorized to appoint special deputies or assistants, "shall be authorized to apply for the appointment of a special head of the automobile division of his office at a salary not to exceed Two Thousand, Seven Hundred Dollars ($2700) per annum." This provision too relates or refers to counties only having a population of 355,000 or more.

Therefore it is our opinion that the provision in Article 7252, V.C.S., authorizing the appointment of a special head for the automobile division of the tax assessor's office at a salary not to exceed $2700.00 per annum is not applicable to Bowie County.

We believe we are supported in our conclusion by the fact that if this provision had been applicable to Bowie County at the time of its enactment, the special head of the automobile division in the tax assessor-collectors' office would be authorized to draw a salary of $2700.00 per annum, while the chief deputy in the same office could have been paid only $2100.00. We do not believe that such was the legislative intent.

Further, in Attorney General's Opinion No. O-1175, dated August 12, 1939, subsequent to the effective date of the 1939 amendment to Article 7252, it is stated:

"You are further respectfully advised that it is the opinion of this department that the Tax Assessor-Collector of Nueces County, Texas, may apply to the Commissioners' Court for authority to appoint deputies, stating the number he desires to appoint, the positions to be filled, and the amount to be paid each, which shall be presented in his sworn application to said Commissioners' Court, as outlined in Article 3902, Revised Civil Statutes of Texas. The salary of the first assistant or chief deputy shall not exceed $2,100.00 per annum and the salary of other deputies, clerks or assistants shall not exceed $1,800.00, in your county, under Section 3 of Article 3902, Revised Civil Statutes of Texas.

"You are further respectfully advised that it is the opinion of this department

that the maximum salary a legal deputy Tax
Assessor-Collector, other than the first
assistant or chief deputy, may receive in
one year is $1,800.00.  There is no provi-
sion made in the statutes for 'overtime pay
or salary.'"

## SUMMARY

The Commissioners' Court of Bowie Coun-
ty is not authorized to employ a special head
of the automobile division in the tax asses-
sor and collector's office at a salary of
$2700.00 per annum under the provisions of
Article 7252, V.C.S., such Article being ap-
plicable only in counties of 355,000 or more
population.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Joe R. Greenhill
First Assistant

By     Bruce Allen
                Assistant

BA:mw