Tom I. McFARLING, Conservator of National Bankers Life Insurance Company, Appellant,

v.

Norman Wesley CAVENDER, Appellee.

No. 7264.

Court of Civil Appeals of Texas, Beaumont.

June 10, 1971.

Strauburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Lamson & Plessala, Port Arthur, for appellee.

KEITH, Justice.

In this venue appeal, we are required to construe the pleadings of the plaintiff, appellee herein, to determine whether or not the provisions of § 8, Art. 21.28–A, Insurance Code, quoted in the margin,[1] fixes venue in Jefferson or Travis Counties. We will speak of the parties as they appeared in the trial court and the following statement is adopted from defendant's brief with which plaintiff is in basic agreement.

---

1. "Except for causes of action based upon terms of an insurance policy or policy or or policies issued by an insurance company placed in conservatorship, any suit filed against an insurance company or its conservator, after the entrance of an order by the Commissioner of Insurance placing such insurance company in conservatorship and while such order is in effect, shall be brought in a court of competent jurisdiction in Travis County, Texas, and not elsewhere."

Suit was filed in Jefferson County by Appellee Norman Wesley Cavender, Individually and as Next Friend of Charles Paul Cavender, a Minor, concerning an insurance policy originally issued by National Bankers in 1954 upon the life of Charles Paul Cavender, which was sold and transferred to Southern States Life Insurance Company prior to February 1959, the assumption by Southern States being accepted, signed, and approved by Plaintiff Norman W. Cavender, who thereafter paid premiums to Southern States; Southern States in or about June of 1966 merged with Alabama National Life Insurance Company, which assumed said policy, Plaintiff Cavender thereupon paying premiums to Alabama National. Plaintiff further alleged that he has been notified by the Department of Insurance of the State of Alabama that Alabama National Life Insurance Company was placed in receivership under the laws of the State of Alabama in March, 1970, and the policy in question sold by the Receiver to American Benefit Life Insurance Company, under terms which reduced the benefits provided by the policy.

Plaintiff alleged that there were fraudulent representations by National Bankers which induced him to sign the receipt of the assumption certificate and pay premiums to Southern States and that Plaintiff therefore elects to rescind and cancel the policy and demands return of all premiums paid from Defendant, in the amount of $2,985.60 together with interest on each premium from the time paid, as to each such premium after December, 1954.

Tom I. McFarling, Conservator by appointment of the Commissioner of Insurance of the State of Texas under order of January 25, 1971, filed a plea of privilege herein, asserting venue in Travis County.

Plaintiff, contending that the quoted statutory language fixes venue in Travis County on all cases "except for causes of action based upon terms of an insurance policy * * * issued by an insurance company placed in conservatorship," points to paragraph nine of his petition[2] and says that it is "legally sufficient for the court to render a judgment against Appellant for policy benefits through the 16th year."

No testimony was introduced upon the hearing and the parties stipulated that "the only question before the Trial Court was a construction of the Plaintiffs' pleadings * * * as to whether or not such pleadings set forth a cause of action establishing venue in Jefferson County, Texas, with due regard" to the quoted statute. From an order overruling his plea of privilege, the Conservator perfected his appeal. We reverse and order the transfer of the cause for the reasons now to be stated.

To deprive a defendant of the right of trial in the county of his domicile, the case must clearly come within one of the exceptions found in the statute. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 623 (1939). And, if there is an equal doubt between the exception and the rule, the doubt is to be resolved in favor of the rule. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951). Under the provisions of Subdivision 30, Art. 1995, V.A.C.S. unless the suit is clearly one "upon the terms" of the insurance policy, "the suit shall be commenced in the county to which jurisdiction may be so expressly given." The statute which we construe is mandatory, not permissive, and the provisions of Subdivision 30 are controlling. Cf. Langdeau v. Burke Investment Company, 163 Tex. 526, 358 S.W.2d 553, 556 (1962).

Plaintiffs' counsel admits, as he must, that paragraph nine of his petition "might well be subject to proper exceptions to

2. "Further in the alternative, Plaintiff would show that in the event he is not entitled to a rescission of the contract of insurance and return of all premiums, then in such event Plaintiff sues on the policy demanding judgment against the Defendant for the full benefits provided by said policy through the 16th year of said policy including all cash benefits provided therein."

more specifically plead the cause of action" upon which he seeks to recover. We note that the paragraph in question does not seek any specific sum; there are no allegations that a present claim exists under the policy, or that after demand, payment has been refused. The minor plaintiff is living so that death benefits are not due; there is no claim made for disability benefits, nor is there a suggestion that a cash loan on the policy has been denied. The policy itself is attached to the petition as an exhibit, but an examination thereof does not, under the allegations found in paragraph nine, disclose a *present* cause of action upon the policy itself.

■ Considering the pleading of the plaintiffs in its entirety, it clearly appears that the plaintiffs seek rescission, not a recovery upon the policy of insurance. The primary or dominant purpose was to avoid the contract, ab initio, and to recover the premiums paid since its inception; the alternative allegation which we consider does not, in our opinion, state a cause of action "upon the terms" of the policy. It follows,

therefore, that we disagree with the statement of plaintiffs' counsel that his petition "is legally sufficient for the court to render a judgment against appellant for policy benefits provided therein through the 16th year."

■ In construing venue statutes generally, and particularly so when considering Subdivision 14 of Art. 1995, the courts seek to determine the primary character of the suit as set forth in the pleadings. We list a few of such authorities in the margin,[3] most of which arose under Subdivision 14 of Art. 1995, V.A.C.S. The primary and dominant purpose of plaintiffs' suit, as stated in the petition is not within the exception noted in the quoted statute. Venue in this cause is fixed by statute in Travis County, and the trial court erred in overruling the defendant's plea of privilege asserting such right.

The judgment below is reversed and the cause remanded with instructions to transfer the cause to the District Court of Travis County, Texas, for further proceedings.

3. Tide Water Oil Co. v. Bean, 118 S.W.2d 358, 362 (Tex.Civ.App., Dallas, 1938), supplemented, 148 S.W.2d 184 (1941), certified questions answered 138 Tex. 479, 160 S.W.2d 235 (1942)—"real purpose of the suit"; Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, 708 (1957)—"primary and principal relief sought"; Mecom v. Gallagher, 192 S.W.2d 804, 805 (Tex.Civ.App., Waco, 1946, error ref. n. r. e.)—"dominant purpose of the suit"; Bowman v. Muncy, 197 S.W.2d 866, 868 (Tex.Civ.App., Amarillo, 1946, no writ)—"primary purpose"; Boyd v. Hogue, 224 S.W.2d 301, 305 (Tex.Civ.App., Amarillo, 1949, no writ)—"primary and ultimate purpose"; Alston v. Harmon, 261 S.W.2d 199, 200 (Tex.Civ.App., Galveston, 1953, no writ)—"primary purpose"; Texaco, Inc. v. Gideon, 366 S.W.2d 628, 631 (Tex.Civ.App., Austin, 1963, no writ)—"ultimate or dominant purpose of the suit"; Fidelity Union Fire Ins. Co. v. First Nat. Bank, 18 S.W.2d 800, 803 (Tex.Civ.App., Amarillo, 1929, no writ)—"primary purpose of the suit"; Federal Land Bank of Houston v. Downs, 127 S.W.2d 952, 954 (Tex.Civ.App., Galveston, 1939, no writ)—"primary, dominant, and ultimate purpose"; Chandler v. Broussard, 170 S.W.2d 573, 574 (Tex.Civ.App., Galveston, 1943, no writ)—"the principal cause of action" and "the main character of the suit"; Lake v. Reid, 252 S.W.2d 978, 982 (Tex.Civ.App., Texarkana, 1952, no writ)—"primary purpose of the suit"; Strain v. Neal, 312 S.W.2d 713, 714 (Tex.Civ.App., El Paso, 1958 no writ)—"principal right asserted" and "the nature of the relief sought"; Continental Oil Company v. Anderson, 405 S.W.2d 622, 626 (Tex.Civ.App., Eastland, 1966, error dism.)—"the real purpose of a suit"; Kendall Corporation v. Ruthstrom, 467 S.W.2d 491 (Tex.Civ.App., Beaumont, 1971, no writ—not yet reported)—"principal right."